William TEASLEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 25567.

United States Court of Appeals
Fifth Circuit.

June 20, 1968.

John M. Hancock, Jr., Macon, Ga., for appellant.

Walker P. Johnson, Jr., Floyd M. Buford, U. S. Attys., Macon, Ga., for appellee.

Before BROWN, Chief Judge, BELL, Circuit Judge and HOOPER, District Judge.

HOOPER, District Judge.

The only error alleged in this appeal is based on the denial by the trial judge of appellant's motion to suppress evidence, obtained by an alleged illegal search and seizure of appellant's automobile.

The search of the automobile was made by detective Roland, and the evidence discloses the following facts tending to support the contentions of the Government that there existed reasonable cause for the search:

Detective Roland had received information from an informer (concerning whom no question is raised concerning his credibility) that a car fitting the description of the one that appellant was driving would be carrying whiskey in that area on that day or the next day. Roland heard on the radio that a police cruiser was chasing a whiskey car nearby. While driving around Roland saw a wrecked car. At that time appellant was being brought to the wrecked car by officer Gurgarious who had arrested him a short time before.

The circumstances leading up to said arrest were as follows: Gurgarious saw appellant driving his unlighted car across a boulevard. He followed him and observed him taking a cardboard carton from his stopped car. When appellant saw the police car of officer Gurgarious he threw the carton back into his car and sped off and, while being pursued by Gurgarious finally ran into a utility pole. Appellant then fled on foot but was followed by Gurgarious who finally caught and arrested him. When Gurgarious and appellant got back to the car of the latter several other police cars were present and an officer had already entered the car.

It would seem that search of the car by Roland was incident to the arrest; at least it was not remote as to time and place. However, there existed probable cause for search, were the search not incident to arrest. The circumstances within the knowledge of Roland causing

him to enter and search the car were the following:

He had heard on the radio that a police cruiser was chasing a whiskey car nearby, he drove around and saw the wrecked car, he saw cartons in the back seat and floorboard of the wrecked car from the outside, and smelled the odor of whiskey around the car. He observed appellant being brought back to the car by officer Gurgarious.

The foregoing constituted reasonable cause for the search and seizure. In a leading case Mr. Chief Justice Taft stated:

"The right to search and the validity of the seizure are not dependent upon the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend the law. The seizure in such a case comes before the arrest * * *." Carroll v. United States, 267 U.S. 132, at 158, 45 S.Ct. 280, at 287, 69 L.Ed. 543, at 554 (1925).

Appellant cites and relies upon the case of Clay v. United States, 239 F.2d 196 (5 Cir. 1956). In that case the Court among other things made this statement:

"* * * [T]he mere act of a known gambler driving an automobile on a public highway will not justify an officer forcing him to stop to be searched or arrested * * * And yet that is all that occurred on January 28."

It is true in that case the officers observed the defendant while taking items out of his pockets, removing a booklet with numbers on it, but that was after his arrest and search. The case does not support appellant's contentions.

Appellant also urges that since his vehicle was immobile a search warrant should have been obtained prior to the search. This contention is answered by Mr. Justice Minton in United States v. Rabinowitz, 339 U.S. 56, at 65, 70 S.Ct.

430, at 435, 94 L.Ed. 653, at 660 (1950), when he stated:

"A rule of thumb requiring that a search warrant always be procured whenever practicable may be appealing from the vantage point of easy administration. But we cannot agree that this requirement should be crystallized into a sine qua non to the reasonableness of the search * * * it becomes apparent that such searches turn upon the reasonableness under all the circumstances and not upon the practicability of procuring a warrant."

No error of law appearing the Judgment of the Court below is affirmed.